UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROBERT MOORE,

    Petitioner,

v.      Civil Action No. 17-cv-651 (TSC)

UNITED STATES OF AMERICA *et al.*,

    Respondents.

## **MEMORANDUM OPINION**

Petitioner, appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The petition establishes that in March 1995, a jury in the Superior Court of the District of Columbia convicted Petitioner of conspiracy to assault and rob; first-degree murder while armed; assault with intent to kill while armed; first-degree burglary while armed; and possession of a firearm during a crime of violence. In May 1995, petitioner was sentenced to an aggregate prison term of 120 years. (*See* Pet. at 1-2).

Petitioner claims now that he "is actually and factually innocent of First Degree Murder." (*Id*. at 5). As his grounds for relief, Petitioner states (1) that both the Superior Court and the D.C. Court of Appeals "failed to address all of [his] claims in Motion 23-110 Proceedings," and (2) that his trial attorney provided ineffective assistance when, among other conduct, he failed to move to sever Petitioner's trial from that of his co-defendants. (*Id*. at 5, 7). For the reasons explained below, the Court finds that it lacks jurisdiction. Consequently, this case will be dismissed.

Unlike a prisoner convicted in a state court or in a United States district court, "a District of Columbia prisoner has no recourse to a federal judicial forum unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (per curiam) (citations and internal quotation marks omitted). Thus, "[i]n order to collaterally attack his sentence [or conviction] in an Article III court[,] a District of Columbia prisoner faces a hurdle that a federal prisoner does not." *Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997).

District of Columbia prisoners may challenge their convictions collaterally by filing a motion in Superior Court pursuant to D.C. Code § 23-110, which has been described as "a remedy analogous to 28 U.S.C. § 2255" for attacking a federal conviction. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). *See Byrd*, 119 F.3d at 36-37 (explaining that "[s]ince passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court- the Superior Court-pursuant to D.C. Code § 23 110"). Section 23-110 of the D.C. Code states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The Court of Appeals has interpreted that language as "divest[ing] federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see Ibrahim v. United States*, 661 F.3d 1141, 1142

(D.C. Cir. 2011) (stating that "the availability of relief by motion under § 23-110 typically precludes the challenger from seeking habeas relief in federal court").

Section 23-110(a)(1) authorizes a D.C. prisoner "claiming the right to be released upon the ground that . . . the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia" to "move the court to vacate, set aside, or correct the sentence." The Court of Appeals has concluded "that the § 23-110 remedy is neither inadequate nor ineffective to test the legality" of a D.C. prisoner's conviction where he has raised a claim of actual innocence. *Ibrahim*, 661 F.3d at 1146; *see Earle v. United States*, 987 F. Supp. 2d 7, 11 (D.D.C. 2013) (district court "lacks jurisdiction to consider [the petitioner's] actual innocence claim—whether asserted as a 'gateway' claim to federal court review or as a 'stand-alone' claim—because 'either claim' is available under D.C. Code § 23-110 . . . and, therefore, is foreclosed by Section 23-110(g)") (quoting *Ibrahim*, 661 F.3d at 1143). And a claim predicated on trial counsel's ineffectiveness "falls squarely within the scope of section 23-110(a)." *Whoie v. Warden*, *Butner Fed. Medical Ctr.*, 891 F. Supp. 2d 2, 3 (D.D.C. 2012); *see Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel."); *Garmon v. United States*, 684 A.2d 327, 329 n. 3 (D.C. 1996) ("A motion to vacate sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel.").

Petitioner's attachments to the petition show that he pursued collateral relief in the local courts, albeit unsuccessfully. Petitioner contends that the local courts

"failed to address all of [his] claims," Pet.at 5, but this court lacks jurisdiction to review the decisions of other courts, including those of the D.C. Superior Court and the D.C. Court of Appeals. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). More importantly, Petitioner's lack of success in the local courts does not render the local remedy inadequate or ineffective to test the legality of his detention. *See Richardson v. Stephens*, 730 F. Supp. 2d 70, 73 (D.D.C. 2010) (citing cases). For it is only when a claim "falls outside [§ 23-110's] scope" that questions arise about the effectiveness of the local remedy. *Martinez*, 586 F.3d at 1000.

Because the instant petition is grounded upon claims that are cognizable under D.C. Code § 23-110, this court cannot exercise jurisdiction over it. *Garris*, 794 F.2d at 727. A separate order of dismissal accompanies this memorandum opinion.

Date: May 24, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge